Mutual Trust Life Insurance Co.
vs.
Alexander Marshak

No. 87368.

March 28, 1933.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is a suit on book account in which the plaintiff seeks to recover money which it alleges was loaned to the defendant and never repaid by him.

In the fall of 1926 the defendant began work as a district agent for the plaintiff. The latter paid to him $50 per week for four weeks and after that $70 twice a month for a period of substantially eight months at which time relations between the parties were terminated.

The contention of the plaintiff is that the sums of $50 and $70 were loans and were made as "advances" to the defendant as an aid to him until he should be able to support himself on the commissions due him on business done by him. The defendant asserts that these sums were salary and that, therefore, he owes nothing to the plaintiff.

The testimony, to the mind of the Court, strongly supports the contention of the plaintiff that the sums mentioned were not in the nature of salary but were loans which were to be repaid by defendant by allowing the plaintiff company to retain one-half of his commission. When defendant received his first check, he wrote to plaintiff's General Agent: "I will make up this week for what was advanced to me." (Plff's Ex. U.)

The receipts signed by defendant contain these words: "Commutation of commissions now earned and hereafter to be earned by me, as per contract with said Company, and I hereby agree to repay the said sum by Commissions or Cash payments at the option of the Company on demand." (Plff's Exs. B. and S.)

It was testified to by the General Agent of the plaintiff that demand had been made upon the defendant and that he had paid $10 upon the claim. This was a year or two after he had ceased to work for the plaintiff company. Of this payment the defendant said that he had made it to an agent of the plaintiff to "quiet" him. It seems highly improbable to the Court that the defendant would have made this payment unless he believed that he was indebted to the plaintiff company.

The Court is of the opinion that the verdict is against the great weight of the evidence and plaintiff's motion is therefore granted.

For plaintiff: Max Winograd.

For defendant: Tillinghast, Morrissey & Flynn.